Liliuokalani Martin, Esq. (SBN 292778)
lili@downtownlalaw.com
Mae-Elaine Q. Delos Santos, Esq. (SBN 277122)
mae@downtownlalaw.com
**DOWNTOWN L.A. LAW GROUP, LLP**
910 South Broadway
Los Angeles, California 90015
Telephone: (213) 389-3765
Facsimile: (887) 389-2775

Attorney for Plaintiff,
JAKE ORTIZ

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JUL 12 2024

BY: Allexus Fierro, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JAKE ORTIZ, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ULINE, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. CIV SB 2421813<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;**<br>4. **RETALIATION (LAB. CODE §98.6);**<br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**DEMAND OVER $25,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF, JAKE ORTIZ,** and for causes of action against the Defendants and each of them, alleges as follows:

### JURISDICTION

1. This Court is the proper court, and this action is properly filed in San Bernardino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and

-1-
COMPLAINT FOR DAMAGES

transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

## THE PARTIES

2.  Plaintiff, JAKE ORTIZ, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.  Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant ULINE, INC. (hereinafter referred to as "ULINE" and/or "EMPLOYERS") was and is a Delaware corporation doing business at 2950 E Jurupa Street, Ontario, in the County of San Bernardino, State of California.

4.  Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private shipping and packaging supplies.

5.  At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.  At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7.  The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANTS, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANTS, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11. Plaintiff has filed complaints of discrimination, retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

    a. Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

    b. Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

    c. Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

    d. Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

    e. The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14. Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

17.     Jake Ortiz ("Plaintiff") was hired by Uline, Inc. (Referred to as "Respondents" and "Employer") in or around June 4, 2021. Plaintiff performed his duties satisfactorily until he was wrongfully terminated on or about July 12, 2022.

18.     Plaintiff and his partner was expecting the birth of their child on or around August 2022. On or about July 12, 2022, Plaintiff reached out to Respondents to notify them of his need to take protective baby bonding leave upon the birth of his child. The same day, he was terminated.

19.     Based on the events set forth above, Plaintiff believes Respondents discriminated and retaliated against and terminated Plaintiff based upon his association with a pregnant person, engagement in protected activities, and denied Plaintiff accommodations, denied Plaintiff an interactive process, and actually or constructively and wrongfully terminated Plaintiff. Respondents failed and refused to stop and prevent discrimination and retaliation against Plaintiff, and Plaintiff was actually or constructively wrongfully terminated. In the event that Respondents claim Plaintiff was not terminated, then Respondents have failed and continue to fail to engage in a good faith interactive process to provide reasonable accommodations and return Plaintiff to his employment.

20. At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

21. At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

22. Plaintiff's termination was substantially motivated by Plaintiff's association with pregnant person, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

23. Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

24. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

25. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

26. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

27. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard

of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

28. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

29. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

30. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

31. FEHA requires Defendants to refrain from discriminating against an employee on the basis of association with a pregnant person.

32. Plaintiff was a member of multiple protected classes as a result of Plaintiff's association with a pregnant person,.

33. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

34. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

35. Plaintiff is informed and believes that Plaintiff's association with a pregnant person,, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

36. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

37. The damage allegations are herein incorporated by reference.

38. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

39. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

40. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

41. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

42. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

43. Plaintiff engaged in the protected activities of requesting accommodation, and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's association with a pregnant person.

44. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

45. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some

combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

46. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

47. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

48. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

49. The damage allegations are herein incorporated by reference.

50. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

51. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.
## AGAINST ALL DEFENDANTS

52. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

53. At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period

for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

54. At all times hereto, Plaintiff was an employee eligible for CFRA leave. At all times hereto, Plaintiff had been employed by Defendants for more than 12 months and had worked at least 1250 hours during the previous 12 months. Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

55. Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

56. Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

57. Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

58. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination and termination.

59. Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

60. The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

61. The damage allegations are herein incorporated by reference.

62. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

63. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## RETALIATION
## LABOR CODE §98.6
## AGAINST ALL DEFENDANTS

64. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

65. Labor Code §98.6(a) prohibits an employer from discharging or discriminating against an employee for political activities; for complaining that he or she is owed unpaid wages, for whistleblowing; for assigning wage claims to the Labor Commissioner resulting from demotion, suspension, or discharge for lawful conduct occurring during nonworking hours away from employer's premises; for filing a complaint with the Labor Commissioner or testifying in such proceedings; for initiating proceedings against the employer to collect civil penalties under the "Labor Code Private Attorneys General Act;" and for exercising "any rights afforded him or her" under the Labor Code. Thus, Section 98.6 prohibits an employer from discharging or in any manner discriminating or retaliating against an employee who, among other things, has exercised his or her rights under that Chapter, including the right to take meal breaks, and/or made a written or oral complaint that he or she is owed unpaid wages. An employee who has been discharged or retaliated against in violation of Labor Code §98.6 is entitled to recovery of a civil penalty against the employer in an amount not exceeding ten thousand dollars ($10,000.00) for each violation of that section.

66. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff was terminated from Plaintiff's employment with Defendants as a result of Plaintiff's complaints about not being paid all wages due, not receiving meal and/or rest breaks, exercising Plaintiff's right to take meal

-11-
COMPLAINT FOR DAMAGES

and/or rest breaks. Defendants' retaliatory animus is evidenced by, among other things, the following facts: By being terminated by the Employers

67. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants, and Defendants' officers and/or managing agents, including, and those identified herein as DOES 1-20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1-20, inclusive.

68. The damage allegations are herein incorporated by reference.

69. As a result of Defendants' actions, Plaintiff is each entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code §§98.6 and/or 1102.

70. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage them, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

## FIFTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

71. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

72. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of association with a pregnant person, and from retaliating against any employee who engages in protected activity.

73. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of association with a pregnant person, and/or engagement in protected activity.

74. Plaintiff believes and thereon alleges that Plaintiff's association with a pregnant person, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

75. Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of association with a pregnant person, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

76. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

77. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, or in violation of FEHA.

78. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

79. At all relevant times mentioned in this complaint, Labor Code §98.6 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who complain about unpaid wages and/or attempt to exercise the rights under the Labor Code. Labor Code §98.6 reflects the State's broad public policy interest in protecting the rights of individual employees and job applicants who could not otherwise afford to protect themselves from violations of the Labor Code.

80. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's engagement in protected activities under Labor Code §98.6 was a proximate cause in Plaintiff's damages as stated below.

81. The damage allegations are herein incorporated by reference.

82. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount no less than $250,000, or according to proof as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For civil penalties pursuant to Labor Code §98.6 in the amount of no less than $10,000.00;

3. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

4. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

5. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

6. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

7. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

8. For post-judgment interest; and

9. For any other relief that is just and proper.

DATED: July 12, 2024                    DOWNTOWN L.A. LAW GROUP, LLP

By: *signature*

Liliuokalani Martin, Esq.
Attorney for Plaintiff
JAKE ORTIZ

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: July 12, 2024                    DOWNTOWN L.A. LAW GROUP, LLP

By: *signature*

Liliuokalani Martin, Esq.
Attorney for Plaintiff
JAKE ORTIZ

-15-
COMPLAINT FOR DAMAGES